UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY L. BRYANT,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM KNIPP, Warden, et al.,<br><br>    Respondents. | Case No. CV 13-00395 VAP (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

**I. BACKGROUND**

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Jeffrey L. Bryant ("Petitioner"), a state prisoner proceeding *pro se*. Petitioner is currently incarcerated at Mule Creek State Prison in Ione, California, pursuant to a January 20, 2004 conviction in the California Superior Court for Los Angeles County. He was convicted of three counts of robbery, three counts of violent false imprisonment, two counts of attempted robbery, and one count of possessing a firearm as a felon. The jury also found true firearm and prior strike allegations. Petitioner was sentenced to a term of 60 years and 8 months in state prison (case no. BA248242). The Petition is brought pursuant to 28 U.S.C. § 2254 and raises two claims directed at Petitioner's conviction - actual innocence and ineffective assistance of counsel.

For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///

///

The face of the Petition and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offenses on January 20, 2004, and sentenced on March 23, 2004. On May 31, 2005, the California Court of Appeal affirmed the judgment (case no. B174618). The California Supreme Court then denied review of the court of appeal's decision on August 17, 2005 (case no. S135458). (Pet. at 1-2; state court records.) Petitioner does not appear to have filed a petition for certiorari with the United States Supreme Court.

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on November 15, 2005, the ninetieth day after the state high court denied his petition for review[2] and the last day for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, on November 16, 2005, and ended a year later on November 16, 2006. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until December 31, 2012 -- 2,237 days (well

---

[1]  The Court takes judicial notice of records in the state appellate courts that relate to this action, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

[2]  The California Supreme Court denied review "without prejudice to any relief to which defendant might be entitled upon finality of *People v. Black* . . . regarding the effect of *Blakely v. Washington* . . . and *United States v. Booker* . . . on California law." (State court records.) However, neither the Petition nor any available state court records establish that Petitioner ever filed a motion in the California Court of Appeal to recall the remittitur and reinstate his appeal after *Black* was decided. Consequently, for purposes of AEDPA's limitations period, the finality of his judgment is unaffected by the Supreme Court's denial of review "without prejudice." *See Thompson v. Lea*, 681 F.3d 1093, 1094 (9th Cir. 2012).

over six years) after the expiration of the limitations period.[3/] Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

C.   **Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). However, to qualify for statutory tolling, a state habeas petition must be filed before the expiration of AEDPA's limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

The face of the Petition, attached exhibits, and relevant state court records establish Petitioner filed four state habeas petitions, one in the superior court (case no. BA248242), two in the court of appeal (case nos. B233534, B238966) and one in the California Supreme Court (case no. S203152). However, the first of those petitions

---

[3/]   Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary, the Court finds Petitioner constructively filed the Petition by delivering it to the prison mail system on December 31, 2012, the date which was handwritten by a prison official on the envelope containing the Petition.

was not constructively filed until April 24, 2011, 1,620 days after the limitations period expired on November 16, 2006. As a result, Petitioner is not entitled to any statutory tolling. *Ferguson*, 321 F.3d at 823; *Webster*, 199 F.3d at 1259.

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

#### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

#### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

///

### E. Equitable Tolling

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant to Ninth Circuit Rule 36-3).

The Petition does not set forth any facts for equitable tolling.

### F. Alleged Actual Innocence

Under *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995), "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and

have his otherwise time-barred claims heard on the merits." *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011). However, "[i]n order to present otherwise time-barred claims to a federal habeas court under *Schlup*, a petitioner must produce sufficient proof of his actual innocence to bring him within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id.* at 937 (internal quotation marks and citations omitted). While a petitioner is not required to proffer evidence creating an "absolute certainty" about his innocence, the *Schlup* gateway is an "exacting standard" that permits review only in the "extraordinary case." *Id.* at 938; *see also House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064 (2006). Specifically, Petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Lee*, 653 F.3d at 938; *Schlup*, 513 U.S. at 327. The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Lee*, 653 F.3d at 938-39; *Schlup*, 513 U.S. at 316. Further, Petitioner must support his allegations "with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324.

The Petition attempts to assert a freestanding claim of "actual innocence." (See Memorandum of Points and Authorities attached to the Petition ("Mem.") at 2.) To the extent Petitioner would seek to have his time-barred claims heard on the merits on that ground, he falls far short of making the required showing. His factual allegations are wholly focused on his trial counsel's alleged ineffectiveness. (Mem. at 2-4; *see also* superior court habeas petition (attached to the pending Petition) at 3-19.) His assertion of actual innocence, on the other hand, is not supported by a statement of facts, let alone "new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324. As a result, Petitioner has not presented a credible claim of actual innocence such that he "may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits." *Lee*, 653 F.3d at 932.

# O R D E R

Based on the foregoing, the Court finds this action is considerably untimely. Accordingly, Petitioner shall have until **February 15, 2013**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

IT IS SO ORDERED.


DATED: January 25, 2013

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE